IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

STEPHEN M. HOWELLS, II,

                  Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No. 5:14-CR-340 (GTS)

GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

On November 24, 2015, pursuant to the Uniform Presentence Order issued by the Court, the United States filed a sentencing memorandum in the above-captioned matter. The Sentencing Memorandum of the United States addressed the Presentence Investigation Report (PSR) only as we had not yet received the defendant's sentencing arguments. The Government reserved its right to respond in writing to any sentencing objections and arguments raised by the defendant after the filing of our Memorandum. That same day, the defendant filed a sentencing memorandum. This response is filed in answer to arguments raised in the Defendant's Sentencing Memorandum.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

**1.  18 U.S.C. § 2251(a) Is Not Limited Or Intended To Be Limited To Those Who Transport The Pornography They Produce**

While the defendant does not, and cannot, argue that he was improperly charged with violating § 2251(a), he suggests that his actions are not those contemplated by Congress in enacting the statute. Defendant's Sentencing Memorandum, pp. 6-7. The defendant argues that state laws addressing the hands-on abuse of children "focuses the federal scope of power on

the interstate transport of children and images as a part of the production and possession of child pornography," *id*. at 6.   He could not be more off the mark.

While it has become commonplace to refer to § 2251(a) as the "production" statute, in actuality it is captioned (as it is in the Indictment) "Sexual Exploitation of Children," for it is the *use of the child* for the purpose of producing visual depictions which is the gravamen of the offense -- whether or not depictions are ever even produced.  *See United States v. Esch*, 832 F.2d 531 (10th Cir. 1987) (each use of a child to create a depiction is the correct unit of prosecution as "the legislative history … indicates an unequivocal intent to protect children from the abuse inherent in the production of sexually explicit materials.")[1]; *see also United States v. Fee*, 491 Fed. App'x. 151 (11th Cir. 2012).

Moreover, it is well established that the entirely intrastate use of a child for the purpose of producing visual depictions for one's own gratification, with no intent to further profit from or distribute images, is well within the meaning of the statute. *United States v. Holston*, 343 F.3d 83, 90 (2d Cir. 2003) ("As we are satisfied that § 2251(a) lies within Congress's powers under the Commerce Clause, the fact that Holston neither shipped the materials interstate nor intended to benefit commercially from his conduct is of no moment."); *see also United States v. Ramos*,

---

[1]  Quoting the Senate Report as follows:

> Current Federal laws dealing with pornography focus almost exclusively on the sale, distribution and importation of obscene materials, and, do not directly address the abuse of children inherent in their participation in the production of such materials ... the Committee intends to fill the existing gap in Federal law by declaring that the use of children in the production of such materials is a form of child abuse. S.Rep. No. 95–438, reprinted in 1978 U.S.Code Cong. & Admin. News at 53.

*Esch*, 832 F.2d at 542, n.10.

685 F.3d 120 (2d Cir.), cert. denied 133 S.Ct. 567 (2012)

**2.      The Defendant's Childhood Circumstances Are Not A Reason To Depart From The Guidelines.**

Howells goes into great detail about his unfortunate upbringing as an argument in favor of a more lenient sentence than that recommended by the Guidelines. He goes so far as to provide school documentation from 1988, 1989, and 1990.

While the Guidelines are now advisory, their policy statements are a factor to be considered by the Court in fashioning a sentence. 18 U.S.C. § 3553(a)(5)(A). U.S.S.G. § 5H1.3 provides: "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." While "any instance of childhood abuse is extraordinary in common parlance; yet, in this context, the abuse must be judged against that suffered by the typical defendant, many of whom have unfortunately suffered severe abuse in their early lives." *United States v. Brady,* 417 F.3d 326, 333 (2d Cir. 2005). Accordingly, "because it is the sad fact that so many defendants have unfortunate pasts," there is a high standard of what constitutes an atypical case. *Id.* at 334.

The Government maintains that Howells' history does not stand out as extraordinary in the universe of other defendants this Court, the courts in this District, and the other courts in this country, sentence on a daily basis. *United States v. Vela*, 927 F.2d 197, 199 (5th Cir. 1991) ("Childhood abuse and neglect are often present in the lives of criminals. They always affect their mental and emotional condition. 'We simply cannot agree, therefore, that these are the kinds of considerations which warrant substantial reductions in guidelines sentences.'") quoting

3

*United States v. Daly*, 883 F.2d 313, 319 (4th Cir. 1989)(internal citation omitted).

Many child pornography offenders report having been abused themselves as children. While the Government does not contest that Howells' upbringing may have been deplorable, so too is the case with many other defendants similarly situated.  To merit a departure, therefore, a defendant need show more than extreme and atypical abuse.  There must also be a causal connection between the abuse and the commission of the offense.  While Howells details facts about his unfortunate upbringing, he does not connect those circumstances to his offenses. Even his psychosexual evaluation, noting that Howells has no memories of abuse, does not equate his "paraphilias and problematic personality traits" with his childhood experiences, or his childhood experiences with his crimes.  Without such a causal connection, a departure is unwarranted.  *See Brady*, 417 F.3d at 334 ("We have recently explained that the requirement of a causal nexus restricts the circumstances in which a departure on the grounds of abuse is permitted only to cases where the abuse brings about a mental condition that leads to or causes the criminal conduct."); *United States v. Reinoso*, 350 F.3d 51, 58 (2d Cir. 2003)(Circuit law "explicitly limits the situations in which a departure based on abuse is warranted to those in which the abuse creates to a mental condition that in turn leads to or causes the criminal conduct.")

## III.   CONCLUSION

The Government maintains that the defendant has raised no meaningful fact or reasons to depart or vary from the sentence recommended by the Guidelines.  The fact that he "will likely" participate in treatment, that he is "amenable" to it, and "will likely gain much from participating" falls far short of mitigation for his horrific crimes. Defendant's Sentencing

Memorandum, p. 12.   Accordingly, for all of the reasons outlined above, and as set forth in our original sentencing memorandum, the Government maintains that a Guidelines sentence is fair, just, and warranted.

Respectfully submitted this 3rd day of December, 2015

RICHARD S. HARTUNIAN
United States Attorney

*/s/ Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,                               Criminal Action No.
                                                        5:14-CR-340 (GTS)
      v.

STEPHEN M. HOWELLS, II,

      Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CERTIFICATE OF SERVICE

    I hereby certify that on December 3, 2015, I electronically filed the GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM with the Clerk of the District Court using the CM/ECF system.

    Randi Juda Bianco, AFPD

                                               /s/
                                               Paula Briggs